**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL M. PINET, | : |
| Petitioner, | : Civil Action No. 08-2908 (NLH) |
| v. | : |
| | : **O P I N I O N** |
| J. GRONDOLSKY, Warden, | : |
| Respondent. | : |

**APPEARANCES:**

Angel M. Pinet, Pro Se
F.C.I. Fort Dix
#08773067
P.O. Box 2000
Fort Dix, New Jersey  08640

Colette R. Buchanan, Esq.
U.S. Attorney's Office
970 Broad Street, Room 700
Newark, NJ 07102
Attorney for Respondent

**HILLMAN, District Judge**

On June 10, 2008, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is the warden of the Federal Correctional Institution ("FCI") where Petitioner is incarcerated.  Respondent filed an answer to the petition on October 20, 2008.  Petitioner then

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

filed a reply in support of his petition on November 26, 2008. This Court has considered all submissions. For the following reasons, the petition will be denied.

## BACKGROUND

On December 4, 1998, Petitioner was sentenced to 360 months imprisonment in federal prison. As part of his sentence, Petitioner was assessed a $2,000.00 fine to be paid immediately. Petitioner argues that he is required to participate in the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"). Petitioner states that although the BOP claims participation in the IFRP is voluntary, if you refuse to participate, you are denied consideration for certain program benefits and privileges.

Petitioner states that as a result, he has entered into a "duress agreement" with the BOP under the IFRP to pay $25.00 each quarter towards his fines. On May 7, 2007, Petitioner refused to make further fine payments while incarcerated, and was placed in "IFRP Refuse" status. Petitioner filed a request for an administrative remedy, complaining that the court should set the schedule for payments, not the BOP. Petitioner was informed that his payment of $25.00 per quarter was appropriate, given that he received $406.50 in his account during the prior six months. He was advised that although placed in "refuse" status, he could re-enroll in the IFRP by signing a new contract and making a

payment.  Petitioner's appeals through the administrative remedy system were likewise rejected.

## DISCUSSION

**A.   Standard of Review**

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

The IFRP is codified at Title 28 of the Code of Federal Regulations, Section 545.10 and 545.11.  A review of the relevant code provisions indicates that Petitioner's constitutional rights have not been violated.

To begin, the IFRP has been held "unquestionably constitutional."  See Duronio v. Gonzales, 2008 WL 768726 at *2

3

(W.D. Pa. Mar. 20, 2008)(Slip Copy)(citing James v. Quinlan, 866 F.2d 627 (3d Cir. 1989))(other citations omitted).

Next, Petitioner's $2,000 fine, as assessed in his judgment and commitment order in his criminal case, was ordered to be paid in full immediately.  Section 545.11 states that fines and court costs are obligations to be paid pursuant to the inmate's IFRP "financial plan."  See 28 C.F.R. § 545.11(a) ("The financial plan shall be documented and will include the following obligations, . . . (3) Fines and court costs . . . .").

With regard to the calculation of the payment for the IFRP, the Code indicates that the minimum payment for non-UNICOR and UNICOR grade 5 inmates "will be $25.00 per quarter.  This minimum payment may exceed $25.00, taking into consideration the inmate's specific obligations, institution resources, and community resources."  See 28 C.F.R. § 545.11(b)(1).

Further, monthly assessments for inmates assigned grades 1 through 4 in UNICOR work assignments, is calculated as follows:

> Inmates assigned grades 1 through 4 in UNICOR ordinarily will be expected to allot not less than 50% of their monthly pay to the payment process.  Any allotment which is less than the 50% minimum must be approved by the Unit Manager.  Allotments may also exceed the 50% minimum after considering the individual's specific obligations and resources.

28 C.F.R. § 545.11(b)(2).  In this case, Petitioner was ordered to pay the minimum amount per quarter, $25.00.

Section 545.11 also provides for effects of non-participation in the IFRP. Refusal to participate shall result in the following, in pertinent part:

> (3) The inmate will not receive performance pay above the maintenance pay level . . . ;
> (6) The inmate shall be subject to a monthly commissary spending limitation . . . ;
> (7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.) . . . .

See 28 C.F.R. § 545.11(d). The unit staff apparently invoked these provisions against Petitioner when he refused to participate.

Further, this Court notes that pursuant to the Court of Appeals for the Third Circuit's decision in James v. Quinlan, 866 F.2d 627 (3d Cir. 1989), which concerns a constitutional challenge to the IFRP, inmates have no liberty interest or property interest in federal prison job assignments. See James at 630. However, even if inmates did have a constitutional right to job assignments, those rights may be impinged by a prison regulation if it is rationally related to legitimate penological interests; the IFRP is "reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility." Id. (citing Turner v. Safley, 482 U.S. 78 (1987)). See also United States v. Lemoine, 2008 WL 4509602 at *3 (9th Cir. 2008)(holding that the consequences that the BOP imposes for

5

failure to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation).

As Respondent notes, Petitioner is correct in his contention that the court cannot delegate the authority to set restitution. See United States v. Corley, 500 F.3d 210, 223-24 (3d Cir. 2007); United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999). However, in this case, Petitioner's claims concern a fine that was assessed and ordered to pay in full, not restitution.  Thus, the BOP was not precluded from "setting a schedule for payment of the fine pursuant to the Inmate Financial Responsibility Program."  Harris v. Schultz, 2006 WL 2864635 at *6 (D.N.J. 2006)(Hillman, J.)(unpubl.)(finding that Coates did not govern an order for a fine).

Likewise, this Court agrees with Respondent that the IFRP is a voluntary program, despite Petitioner's allegations that he was forced to enter a "duress contract."  Petitioner did have the choice to not participate.  However, such a choice forfeited the benefits he would receive had he participated in the program.

Therefore, based on the foregoing, Petitioner has failed to demonstrate that his rights have been violated, and the petition must be denied.

## **CONCLUSION**

     For the reasons set forth above, the petition will be denied.  An appropriate Order accompanies this Opinion.

s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

DATED: February 6, 2009
At Camden, New Jersey